UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-20213-KMM

MSP RECOVERY, LLC,
a Florida profit corporation,

     Plaintiff,
v.

PROGRESSIVE SELECT INSURANCE COMPANY,
a Foreign profit corporation,

     Defendant,
_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION IN PART TO PLAINTIFF'S MOTION TO SEAL AGREEMENT AND ADDENDUM BETWEEN LA LEY RECOVERY-FHCP, INC. AND FLORIDA HEALTHCARE PLUS**

Comes now, the Plaintiff, MSP RECOVERY, LLC ("Plaintiff"), files this Reply to Defendant's Opposition to Plaintiff's Motion to Seal Agreement and Addendum Between La Ley Recovery-FHCP, Inc. and Florida Healthcare Plus, in support, states the following:

**INTRODUCTION**

1. On February 23rd, 2015, Plaintiff filed a motion to seal an agreement ("Agreement") and addendum to the agreement between La Ley Recovery Systems-FHCP, Inc. ("La Ley Recovery") and Florida Healthcare Plus ("FHCP").

2. On or about March 2nd, 2015, PROGRESSIVE SELECT INSURANCE COMPANY ("Defendant") filed its response in opposition to Plaintiff's motion to seal the agreement ("Response") and addendum between La Ley Recovery-FHCP, Inc. and FHCP.

3. In its Response, Defendant argues that Plaintiff must produce the Agreement and Addendum and the "at-issue" doctrine compels production of the Agreement and Addendum.

4. Additionally, Defendant argues that Plaintiff's trade secret was either waived and/or Plaintiff did not have standing to raise trade secret privilege.

5. Furthermore, Defendant states HIPPA is inapplicable in this instant action and thus, does not protect the Agreement in this case.

6. Defendant's arguments are misplaced as they are either inapplicable or completely avoid the issue at hand. Thus, Plaintiff's Motion to Seal the Agreement should be granted

## MEMORANDUM OF LAW

### I. Defendant Fails to Address the Argument Against the Disclosure of the Agreement and Addendum Placing Plaintiff and La Ley Recovery in a Competitive Business Disadvantage.

In order for a party to seal a document, the party must file a motion "setting forth a reasonable basis for departing from the general policy of a public filing" and demonstrate a good case to seal such filing. S.D. Fla. L.R. 5.4(a); also see Fed. R. Civ. P. 26. As such, Plaintiff demonstrated a reasonable basis and good cause to seal the Agreement and Addendum. In Plaintiff's Motion to Seal, Plaintiff argued that disclosure of the Agreement and Addendum would prejudice Plaintiff and La Ley Recovery. [D.E. 22]. Additionally, disclosure would cause serious competitive harm and undercut La Ley Recovery and Plaintiff's strategy for recovery services to any medical provider. Id. Furthermore, disclosure of the Agreement would provide all business competitors with knowledge of Plaintiff's costs, prices, and profit information. Id.

As of the filing of Defendant's Response in Opposition to Plaintiff's Motion to Seal, Defendant fail to address or mention any opposition as it relates to the disclosure of the Agreement and Addendum putting La Ley Recovery and Plaintiff in a serious business disadvantage. Defendant's failure to respond to this argument further demonstrates that Defendant cannot show that Plaintiff and La Ley Recovery would not be prejudiced by the

disclosure of the Agreement and Addendum. Plaintiff has satisfied the standard necessary to seal filings. Defendant fails to oppose one of Plaintiff's major arguments demonstrating a reasonable basis and good cause to seal the Agreement in its Motion to Seal. Thus, the Agreement and Addendum should be sealed.

## II.     The At-Issue Doctrine is Inapplicable.

Defendant argues that the "at-issue" doctrine requires Plaintiff to produce the Agreement and Addendum. However, all of the cases cited by Defendant exclusively apply the "at-issue" doctrine to work product and privileged communications such as the attorney-client privilege and accountant privilege. See MapleWood Partners, L.P. v. Indian Harbors Ins. Co., 295 F.R.D. 550, 624 (S.D. Fla. 2013); also see Savino v. Luciano, 92 So.2d 817 (Fla. 1957); also see GAB Bus. Servs. Inc. v. Syndicate, 627, 809 F.2d 755, 762 (11th Cir. 1987). In this instant matter, the documents Plaintiff are attempting to seal is neither work product nor privileged communications. Plaintiff is attempting to seal a confidential agreement between La Ley Recovery and FHCP, which if disclosed, would provide competitors a strategic and unfair business advantage against La Ley Recovery and Plaintiff.

If, *arguendo*, the "at issue" doctrine applies in this instant matter, the "at issue" doctrine would still allow for the sealing the Agreement and Addendum. The doctrine of "at-issue" waiver rests on the principle of fairness. MapleWood, 259 F.R.D. at 624. If the doctrine Defendant relies on is based on fairness, then it would be unfair for Plaintiff to force to disclose the Agreement and Addendum. As stated in Plaintiff's Motion to Seal, the only portion of the Agreement and Addendum that is germane to the instant action is where FHCP assigned all of FHCP's recovery rights and/or reimbursement rights as an MAO. [D.E. 22, pg. 4]. In its Amended Complaint, Plaintiff directly grabbed the language of the agreement between La Ley

Recovery and FHCP and alleged the assignment language. [D.E. 14, ¶ 5]. The only germane portion of that agreement for the purposes of this instant action is the assignment language. As such, Plaintiff alleged, word for word, the only relevant portion of the Agreement and Addendum in the Complaint. Nevertheless, Defendant still seeks for the disclosure of the Agreement and Addendum to look over irrelevant portions as it relates to this instant action, where disclosure would prejudice Plaintiff immensely.

Furthermore, even if Defendant believes the written assignment were to be invalid, La Ley Recovery would have an equitable assignment from FHCP at the very minimum. An equitable assignment occurs when an assignor, with intent to transfer his or her right, informs the assignee about the right so transferred. Egyptian Navigation Co. v. Baker Invs. Corp., 2008 U.S. Dist. LEXIS 30804 at 14 (S.D. N.Y. 2008). FHCP intended to transfer its recovery rights and/or reimbursement rights to La Ley Recovery and its intention was transferred La Ley Recovery. If, *arguendo*, La Ley Recovery were to not have received assignment through the Agreement[1], at the very minimum, La Ley Recovery had standing to assign FHCP's rights to Plaintiff through an equitable assignment from FHCP. Nevertheless, Plaintiff already copied the terms of the Agreement and Addendum to Defendant informing them of La Ley Recovery's standing to assign FHCP's claims to Plaintiff. Therefore, disclosure would be utterly unfair because Plaintiff and La Ley Recovery would be at risk of letting the public view their business model while providing no further information that Defendant does not have knowledge of already.

---

[1] La Ley Recovery clearly received a written assignment from FHCP as evidenced in the language stated in the Amended Complaint.

### III.  La Ley Recovery's Strategy for Recovery of Claims is a Trade Secret.

Defendant argues that Plaintiff's claims of protection under trade secret do not provide any relief to Plaintiff. However, Defendant's argument is misplaced. Disclosure of La Ley Recovery's Agreement and Addendum with FHCP would reveal La Ley Recovery's trade secrets. Plaintiff and La Ley Recovery have a close business relationship with each other. As Plaintiff follows the same business model as La Ley Recovery, Plaintiff would be prejudiced as well. Trade secrets are defined in the Restatement of Torts as information (1) which is used in one's business, (2) which gives him an opportunity to obtain an advantage over competitors who do not know or use it, (3) which is secret, i.e., not common knowledge of the trade, (4) which is maintained in secrecy by the owner, (5) which of value to a competitor, and (6) which was acquired at some expense to or effort by its owner. Keystone Plastics, Inc. v. C & P Plastics, Inc., 340 F. Supp. 55, 74 (S.D. Fla. 1972) (citing Forest Laboratories v. Pillsbury Co., 452 F.2d 621 (7th Cir. 1971)). In Plaintiff's Motion to Seal, Plaintiff specifically details how the Agreement and Addendum was a trade secret. [D.E. 20].

Additionally, Defendant argues that Plaintiff's claim of a trade secret was waived under the "at-issue" doctrine. Plaintiff repeatedly has asserted that contents of the Agreement and Addendum are not at-issue. The Agreement contains all of the information which would provide other business competitors a playbook with the strategy how to recover claims and how to under-cut La Ley Recovery's compensation. Defendant is seeking to review irrelevant evidence in order to harass and produce protected and confidential information, which would not further Defendant's position.

Moreover, Defendant asserts that the Plaintiff does not have standing to raise a trade secret. In order for Plaintiff to raise La Ley Recovery's rights, Plaintiff must meet the following

requirements: 1) the third party has suffered a constitutional injury in fact, 2) the litigant enjoys a close relationship with the third party, and 3) an obstacle exists to the third party assertion of his or her own rights.  Powers v. Ohio, 499 U.S. 400, 411 (1991).  As such, Plaintiff has repeatedly informed Defendant that disclosure of the Agreement and Addendum prejudice La Ley Recovery because it would allow any business competitor to undercut La Ley Recovery's proposed strategy for recovery services.  Furthermore, Plaintiff has a close business relationship with La Ley Recovery as both parties have mutual employees, including some of the same authorized representatives.  La Ley Recovery has an obstacle asserting its own rights because it no longer has standing to pursue this matter as they assigned this specific claim to Plaintiff.  Therefore, only Plaintiff can assert a trade secret for La Ley Recovery and thus, has standing to assert it.

Moreover, Defendant states they are not a competitor of FHCP and is not in the same business.  However, Plaintiff only asserted that there is business competition for **La Ley Recovery** and **Plaintiff**, and not FHCP.  The fact Defendant is not a business competitor to La Ley Recovery and Plaintiff is irrelevant.  Disclosure of the Agreement and Addendum would be public record and any business competitor can easily access such documents.  Thus, the trade secret defense is vital because the publicizing of the Agreement and Addendum would greatly undermine La Ley Recovery and Plaintiff's efforts to make the documents confidential, as they contain the strategy for La Recovery and Plaintiff's business model.

IV. **Disclosure of the Agreement and Addendum is a Violation of HIPAA.**

Defendant states that HIPAA does not apply to the Agreement and Addendum because the documents do not contain private medical data.  [D.E. 24, ¶ 47].  However, Plaintiff specifically stated in its Motion to Seal that the Agreement and Addendum contain protected

health information ("PHI"). [D.E. 22, pg. 8]. Pursuant to Section 130(d) of the United States Code, PHI includes any information, whether oral or recorded in any medium, that:

(a) is created or received by a health care provider, health plan, public health authority, employer, life insurer, school or university, or health care clearinghouse; and

(b) relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

Furthermore, Plaintiff specifically stated that the Agreement and Addendum contains information related to the past, present, or future payment for the provision of health care to an individual. As such, the Agreement does contain PHI.

Defendant further argues that Plaintiff failed to present an iota of evidence that redaction would fail to protect any HIPAA protected information in this case. However, Defendant requests that Plaintiff disclose "the entire agreement, not just the assignment language" because the entire agreement is relevant to this case. [D.E. 24, ¶ 14]. Defendant contradicts itself throughout its Response. At one point, Defendant states that Plaintiff must reveal the entire agreement, and in another portion, Defendant states to redact certain portions of the Agreement and Addendum. [See D.E. 24, ¶¶ 14, 49]. As such, Defendant's inconsistencies show that Defendant's Response is unsubstantiated and meant to solely to harass and produce protected, confidential, and irrelevant information.

V. **Conclusion**

In conclusion, Plaintiff has demonstrated a reasonable basis and good cause pursuant to the Local Rules, Federal Rules and relevant case law to seal filings in this district. La Ley Recovery and Plaintiff would be prejudiced and placed at a competitive business disadvantage should the Agreement and Addendum be disclosed. Additionally, the Agreement and Addendum

contain La Ley Recovery's trade secrets. Moreover, disclosure of such PHI would be in violation of HIPAA. As such, the Agreement shall be filed under seal.

**WHEREFORE**, Plaintiff respectfully requests that for all the above stated reasons, authority and as a matter of law, that this Honorable Court issue an Order: (1) granting Plaintiff's Motion to Seal Agreement and Addendum for a period of five (5) years; and (2) for such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 5th, 2015, I electronically filed a foregoing document with the Clerk of the Court using CM/ECF. I additionally certify that the foregoing document was sent to Defendant either *via* transmission of Notices of Electronic Filing generated by CM/ECF and to their addresses contained in each Summons in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of electronic filing.

**MSP RECOVERY LAW FIRM**
Counsel for Plaintiff
5000 S.W. 75th Avenue, Suite 400
Miami, Florida 33155
Direct Line (305) 614-2222

By: /s/ John H. Ruiz
■ John H. Ruiz, Esq., FL Bar No. 928150
☐ Karen J. Barnet-Backer, Esq., FL Bar No. 054482
☐ Rebecca Rubin del Rio, Esq., FL Bar No. 057013
☐ Gustavo J. Losa, Esq., FL Bar No. 852791
☐ Christine Lugo, Esq., FL Bar No. 109515
☐ Gino Moreno, Esq., FL Bar No. 112099
☐ Timothy Van Name, Esq., FL Bar No. 29771
☐ Brian Cournoyer, Esq., FL Bar No. 113254
Service email: serve@msplawfirm.com