IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
FLORIDA MIAMI DIVISION

CASE NO:15cv20213

MSP RECOVERY, LLC,
    Plaintiff,
v.

PROGRESSIVE SELECT INSURANCE
COMPANY,
    Defendant.
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFEDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW, the Defendant, Progressive Select Insurance Company, by and through undersigned counsel, and hereby states as follows:

**I.   Plaintiff Did Not Refute that this Court Should Strike Plaintiff's Request for Attorney's Fees**

1. On pages 9 and 19 of Defendant's Motion to Dismiss Plaintiff's Amended Complaint, Defendant requested that this Court strike Plaintiff's claim for attorney's fees on the ground that such relief is not provided for under the Medicare Secondary Payer Act.

2. Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint (hereinafter "Response") did not refute that Plaintiff is not entitled to attorney's fees from Defendant in this case should Plaintiff prevail in this case.

3. Accordingly, Defendant requests that this Court enter an order striking Plaintiff's request for attorney's fees.

**II.   Plaintiff Failed to Prove Standing**

4. Plaintiff's Response made it clear that Plaintiff does not have standing in this case. Plaintiff is claiming standing in this case via way of 2 assignments; first, an assignment from FHCP to

1

La Ley Recovery Systems, and second, an assignment from La Ley Recovery Systems to Plaintiff.

5. Page 5 of Plaintiff's Response incorrectly states that the assignment between FHCP and La Ley Recovery is attached as Exhibit "A" to Plaintiff's Amended Complaint. In reality, Plaintiff did not attach Exhibit "A" to its Amended Complaint and filed a motion requesting protection from producing Exhibit "A" to Defendant.

6. Additionally, as shown in on page 5 of Plaintiff's Response, the cited portion in Plaintiff's Amended Complaint of the alleged assignment between FHCP and La Ley Recovery does not confer standing in this case. As admitted by Plaintiff, the quoted portion in the Amended Complaint merely states that "Client" is assigning its rights and does not even say to whom the rights are being assigned.

7. Plaintiff's request that the Court and Defendant simply take its word that the document says what Plaintiff claims it says is insufficient to prove standing in this case, especially in light of all the inconsistencies found in this case (such as other entities claiming standing as well).

8. Plaintiff's Response also tries to avoid the fact that the exhibits to Plaintiff's Amended Complaint showed that different entities claimed an assignment from FHCP by claiming that Plaintiff's counsel "made up" MSP Recovery-FHCP, Inc. to somehow make it more clear to Defendant that MSP Recovery, LLC had standing. *See* page 6 of Plaintiff's Response. However, a closer look at the facts belies Plaintiff's claim.

9. Exhibit "C" of the Amended Complaint, a letter dated November 18, 2014 (five months after the alleged assignment from La Ley Recovery to MSP RECOVERY, LLC), claims that FHCP actually assigned its alleged right to recover against Defendant to MSP Recovery-FHCP, Inc. Exhibit "C" of the Amended Complaint specifically states the following:

> Please be advised that this firm represents MSP Recovery-FHCP, Inc., who is the assignee of all subrogation claims and/or claims whereby Florida Health Care Plus (FHCP) is deemed to be a secondary payor pursuant to 42 U.S.C. § 1395(b)(3)(A). …
>
> Therefore, if medical Payment and/or other coverage exists contractually, demand is hereby made that MSP Recovery-FHCP, Inc. be compensated right away. (Emphasis added)

10. If MSP Recovery-FHCP, Inc. did not exist, then how could Defendant make payment to MSP Recovery-FHCP, Inc. as requested?

11. Exhibit "D" of the Complaint claims that as of November 18, 2014, FHCP also issued an assignment of benefits to "MSP Recovery, Inc.":

   > MSP Recovery, Inc., as an assignee of Florida Health Care Plus (FHCP), and herein serves a formal notice of a Medicare Advantage PlanPlus ("MA") LIEN to all parties in this action. … (Emphasis added to MSP Recovery, Inc.)

12. Plaintiff's Response fails to mention how MSP Recovery, Inc. claimed standing in this case.

13. Plaintiff's Response does state that La Ley Recovery did not assign its rights to anyone but Plaintiff, but that statement is self-serving, not supported by the facts or any evidence, and Plaintiff does not have authority to make such a claim on behalf of La Ley Recovery. Additionally, MSP Recovery, Inc. did not claim an assignment from La Ley Recovery, but from FHCP directly. Thus even if this Court were to accept Plaintiff's unsupported claim, Plaintiff's unsupported claim still does not refute that MSP Recovery, Inc. is the party with standing in this case.

14. Additionally, page 4 of Plaintiff's Response admits that Plaintiff claim against Defendant stems from Defendant's alleged failure to pay no-fault benefits under its contract pursuant to FS § 627.736. Plaintiff cannot invoke only the parts of the FS § 627.736 that it finds suitable; Plaintiff must invoke the entire statute. FS § 627.736(10)(b)(1) explicitly requires

that if the insured is not the one seeking benefits, then the party seeking benefits present must an assignment in order to recover benefits[1].

15. Plaintiff in this case argues that Defendant failed to pay for the medical provider's bill. Under FS § 627.736(10), Defendant was not liable to the medical provider for the medical provider's bill without an assignment to the medical provider from Defendant's insured. However, Plaintiff in this case has not produced the assignment from Defendant's insured to the medical provider, and in its Response, Plaintiff never even claimed that such an assignment exists. Therefore, Plaintiff has not proven standing in this case.

### III. This Court Lacks Subject Matter Jurisdiction

16. Defendant cited to four separate opinions in its Motion to Dismiss Plaintiff's Amended Complaint to support its position that Plaintiff cannot present a claim under the Medicare Secondary Payer Act against Defendant. Plaintiff did not dispute the applicability of two of the cases: <u>Konig v. Rawlings and Oxford Health Plans</u>, 1:12-cv-00467-JG (U.S.D.Ct. E. Dist. NY, March 30, 2012) ("Medicare laws offer no private right of action – express or implied – to [Medicare Advantage] providers to enforce any claimed subrogation rights." 42

---

[1] (10) DEMAND LETTER.—

(a) As a condition precedent to filing any action for benefits under this section, written notice of an intent to initiate litigation must be provided to the insurer. Such notice may not be sent until the claim is overdue, including any additional time the insurer has to pay the claim pursuant to paragraph (4)(b).

(b) The notice must state that it is a "demand letter under s. 627.736" and state with specificity:

1. The name of the insured upon which such benefits are being sought, including a copy of the assignment giving rights to the claimant if the claimant is not the insured.

4

CFR 422.108(f) "may not create a right that Congress has not" and "nothing in the Medicare statute itself creates a cause of action...") and <u>Ferlazzo v. 18th Ave. Hardware, Inc.</u>, 33 Misc.3d 421, 929 N.Y.S.2d 690 (N.Y.Sup.2011).  Thus those cases apply to this case and show that Plaintiff cannot present a Medicare Secondary Payer Act.

17. Plaintiff presented the case of *In re Avandia*, 685 F.3d 353 (3d Cir. 2012) to support its claim that it has the right to bring a claim under the Medicare Secondary Payer Act.  However, in <u>Parra v. PacifiCare of Arizona, Inc.</u>, 715 F.3d 1146 (9th Cir. 2013),the 9th Circuit looked at the ruling in *Avandia* and still found that a private right did not exist in that case for a Medicare Advantage Organization under the Medicare Secondary Payer Act.

18. Defendant's Motion to Dismiss showed that the Southern District in <u>Reale</u> found that a private cause of action does not exist for a Medicare Advantage Organization under the Medicare Secondary Payer Act.  Plaintiff argues that the <u>Reale</u> ruling was vacated, which Defendant never denied.  However, Plaintiff fails to address that a new order was never entered in <u>Reale</u> because the plaintiff in that case voluntary dismissed its case and proceeded in state court, in compliance with the order that was vacated.  Thus it is clear that the order still had effect.  Additionally, many legal treatises cite to the vacated order as still valid law.

19. Plaintiff claims that the author of <u>Reale</u>, the Honorable Judge Cooke, in the case of <u>Humana v. Western Heritage Ins.</u>, No. 12-cv-20123-MGC, recently changed her position regarding whether a Medicare Advantage Organization has a private cause of action under the Medicare Secondary Payer Act.  However, Plaintiff failed to provide the full facts from <u>Western Heritage</u>, which contains a very different set of facts than the instant case.  In the <u>Western Heritage</u>, the insurer's liability as the primary payer was established with a settlement between the insurer and the treating individual and further established through a

judgment in a state court finding proceeding finding that Humana was entitled to reimbursement. Additionally, the insurer anticipated that treating individual's attorney would reimburse Humana, and therefore Western Heritage did not take proper precautions to protect Humana's right to reimbursement even though it was well aware of Humana's right to reimbursement when it issued the settlement funds to the treating individual.

20. Moreover, Judge Cooke's order in that case was merely an endorsed order and a complete written order is still expected per Judge Cooke's own endorsed order. Plaintiff also failed to mention that Judge Cooke in that case denied Humana's request for reimbursement of the charged amount of the medical bills, the same claim Plaintiff is seeking in this case.

### IV.     Plaintiff's Failure to Properly Plead a Cause of Action

21. Plaintiff's Response affirms that Plaintiff did not state a proper cause of action.

22. Plaintiff's Response still did not state the amount of payment it made to the subject medical provider. Plaintiff's assignor making a conditional payment is a requirement to stating a cause of action under the Medicare Secondary Payer Act. That is a fact that Plaintiff has never disputed. Plaintiff's failure to state the amount of payment, and with all attachments to the Amended Complaint showing zero payment being made, results in Plaintiff not being able to present a cause of action under the Medicare Secondary Payer Act.

23. Defendant's Motion to Dismiss Plaintiff's Amended Complaint argued that Plaintiff did not state a cause of action under the Medicare Secondary Payer Act because Plaintiff did not show that Defendant denied under the claim under section (1) and (2) of the private cause of action. Plaintiff argued its Response that it did not have to show such compliance.

24. The Eleventh Circuit has specifically ruled against Plaintiff on this issue. <u>Glover v. Liggett Group, Inc.</u>, 459 F.3d 1304 (11th Cir. 2006). The <u>Glover</u> Court specifically ruled the following:

> The MSP creates "a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)." 42 U.S.C. § 1395y(b)(3) (emphasis added). About a primary plan's duty to reimburse Medicare, the MSP says the following things:
>
> "A primary plan, and an entity that receives payment from a primary plan, shall reimburse the appropriate Trust Fund for any payment made by the Secretary under this subchapter with respect to an item or service *if it is demonstrated that such primary plan has or had a responsibility to make payment* with respect to such item or service."   42 U.S.C.A. § 1395y(2)(B)(ii) (emphasis added).
>
> In 2003, the MMA amended the MSP by adding a sentence that specifies the means available for demonstrating a primary plan's responsibility to pay:
>
> "A primary plan's *responsibility for such payment may be demonstrated by* a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means."
>
> Id. (emphasis added). The Defendants have never been adjudged liable for the battery Plaintiffs allege in the complaint and have never made a payment conditioned upon "compromise, waiver, or release" of claims for the health care expenses allegedly caused by this tort. In addition, Defendants' responsibility to pay for these expenses has not previously been demonstrated by "other means." Plaintiffs argue, however, that Defendants' responsibility to pay a Medicare beneficiary's health care expenses can be demonstrated by litigating a state tort claim during the MSP private cause of action for failure to reimburse Medicare. We disagree.
>
> We begin our analysis by closely examining the text of section 1395y(b)(3), which creates a private cause of action for double damages "in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with ... (2)(A)." Paragraph (2)(A) prohibits Medicare from paying for items or services for which payment can reasonably be expected to be made under a primary plan "except as provided in subparagraph (B)." Subparagraph (B) authorizes Medicare to make conditional payments, but requires that "[a] primary plan, and any entity that receives payment from a

7

primary plan, shall reimburse [Medicare] with respect to an item or service if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service." 42 U.S.C. § 1395y(b)(2)(A) & (b)(2)(B)(ii) (emphasis added).

When Plaintiffs filed their MSP claim, Defendants' responsibility to pay for items or services had not yet been "demonstrated," which is a condition precedent to Defendants' obligation to reimburse Medicare under section 1395y(b)(2)(B)(ii). Until Defendants' responsibility to pay for a Medicare beneficiary's expenses has been demonstrated (for example, by a judgment), Defendants' obligation to reimburse Medicare does not exist under the relevant provisions. Therefore, it cannot be said that Defendants have "failed" to provide appropriate reimbursement. Based on this language, we conclude that an alleged tortfeasor's responsibility for payment of a Medicare beneficiary's medical costs must be demonstrated before an MSP private cause of action for failure to reimburse Medicare can correctly be brought under section 1395y(b)(3)(A).

25. The Glover Court further noted that its conclusion is supported by two additional considerations that apply in this case: 1) Firstly, plaintiffs' proposed interpretation of section 1395y(b)(3)(A) would drastically expand federal court jurisdiction by creating a federal forum to litigate any state tort claim in which a business entity allegedly injured a Medicare beneficiary, without regard to diversity of citizenship or amount in controversy; and 2) Secondly, under plaintiffs' interpretation, a defendant could not contest liability without risking the penalty of double damages: defendants would have no opportunity to reimburse Medicare after responsibility was established but before the penalty attached.

26. Defendant's liability to the subject medical providers under its contract has not been established.  In fact, Plaintiff did not even plead that Defendant breached its contract. Moreover, Plaintiff has failed to even present an assignment from Defendant's insured to the subject medical provider.  It is axiomatic that without an assignment from Defendant's insured, Defendant is not responsible to pay the subject medical provider's bill. *White v. Exchange Corp.*, 167 So. 2d 324 (Fla. 3d DCA 1964) (It is elementary that a person not a party to nor in privity with a contract has no right to enforce it).  Plaintiff's claim on Page 4

8

of its Response that its right to proceed against Defendant is not contingent upon the medical provider obtaining an assignment from Defendant's insured is completely wrong. Plaintiff's claim is entirely contingent upon that fact, because Plaintiff can only obtain benefits if Defendant was responsible for the payment of the medical provider's bills. Defendant's responsibility would be through its contract, and that contractual liability to the medical provider is only triggered if the medical provider obtained an assignment from Defendant's insured.

27. If the Court were not to dismiss this case, the instant Defendant, just like the defendant in Glover, could not contest liability under its contract without risking the penalty of double damages. Defendant would have no opportunity to reimburse Medicare after responsibility was established but before the penalty attached. Therefore, under Glover, Plaintiff cannot assert its cause of action under the Medicare Secondary Payer Act.

28. As to the Plaintiff's argument that notice of payment to Defendant is not required prior to initiating suit, Plaintiff conspicuously failed to cite any legal authority for its proposition. As admitted by the Plaintiff, the plain wording of the statute requires notice of payment to the primary insurer. 42 U.S.C. 1395y(b)(2)(B)(ii). 42 C.F.R. § 411.22(b); 42 C.F.R. § 411.24(h) and 42 C.F.R. § 411.24(i), also provide a no-fault insurer, such as Defendant, a 60 day window to make a reimbursement to the primary insurer. Thus it is clear that presuit notice is a condition precedent to Plaintiff presenting its claim. For how can Plaintiff argue that the primary insurer possibly be responsible for double damages to the secondary insurer if the secondary insurer never even told the primary insurer the amount to reimburse? The answer to that question is that primary insurer cannot be liable. The Medicare Secondary Payer Act

did not do away with the constitutional right of due process and notice. *See* Zinman v. Shalala, 835 F.Supp. 1163 (N.D.Cal.1993).

29. Additionally, due to Plaintiff's failure to state the date of payment, is unclear whether Plaintiff's suit is premature for failing to provide Defendant sixty days notice of the payment.

**V.      Plaintiff's Allegations Regarding Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007**

30.  Plaintiff did not present any legal authority to support pleading allegations regarding Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 in its claim under the Medicare Secondary Payer Act.  In fact, Plaintiff admits in its Response that it is not entitled to any damages under Section 111.  The allegations of Defendant's non-compliance with Section 111 are superfluous and irrelevant to the cause of action at hand, and are only meant to cause prejudice against Defendant.   Therefore, this Court should strike Plaintiff's Section 111 allegations in paragraphs 56-58 and 71-72 of Plaintiff's Amended Complaint.

WHEREFORE, for the reasons listed above, Defendant respectfully requests that this Court grant Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished via E-Mail on March 16, 2015 to Rebecca Rubin del Rio, Esquire, MSP Recovery Law Firm, Attorney for Plaintiff, MSP Recovery, LLC, serve@msprecoverylawfirm.com, (305) 614-2222/(305) 239-8870 (F).

Law Offices of Neil V. Singh
Attorneys for Defendant
3250 West Commercial Blvd., Suite 220
Fort Lauderdale, FL  33309
(954) 233-9114 (Asst.)/(954) 233-9106 (Direct)  Fax: (866) 841-8921
Primary: sfpiphc@progressive.com
Secondary:   nsingh1@progressive.com

By: _____
ERICK D. MARTIN, ESQUIRE
Florida Bar No. 26517
"Salaried Employees of Progressive Casualty Insurance Company"